IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| MAUREEN GISONDI | : |
| DEBTOR(S) | : BANKRUPTCY NO. 08-14444 SR |
| MAUREEN GISONDI PLAINTIFF | : |
| v. | : |
| COUNTRYWIDE HOME LOANS, INC., CROSS COUNTRY FUNDING, LLC DEFENDANTS | : |
| | : ADV. NO. 08-170 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Before the Court are two matters: Plaintiff's Motion for Permission to Amend Complaint and Defendant Countrywide Home Loans, Inc.'s Motion for Summary Judgment. Both of the motions are opposed. After a hearing held on March 5, 2009, the Court took the matters under advisement. For the reasons set forth below, leave to amend the complaint will be granted but only in part.[1] That ruling effectively moots the motion for summary judgment.

*Facts*

This litigation derives from the Plaintiff's refinancing of her mortgage loan. In

---

[1]This is a core proceeding as it involves disallowance of a claim against the estate and the determination of the validity of a lien. *See* 28 U.S.C. § 157(b)(2)(B), (K).

August 2006 she refinanced that loan with Countrywide Bank, N.A. (the Bank)  Two years later, the Plaintiff retained counsel with regard to the loan.  On June 2, 2008, her counsel wrote to the Bank and Countrywide Home Loans, Inc., (Countrywide) with three things in mind.  First, Plaintiff was unsure of who held the mortgage loan on her home and so requested the identity of the holder pursuant to TILA.[2]  Second, she made what is known as a *qualified written request* under RESPA.[3]  This was a request for an explanation of the loan terms, the account balance, a breakdown of how each payment was applied, and all disclosures as required by applicable state and consumer lending law.  Third, the letter stated Plaintiff's intention to rescind the loan.  *See* Plaintiff's Motion for Leave to Amend, Ex. B.

On July 1, 2008, Countrywide acknowledged receipt of the June 2 letter and asked for additional time to respond.  *Id*., Ex. C.  Whether that request was granted is unclear.  The next written communication is dated July 7[4] and is again from Countrywide.  It explains that privacy concerns prevented it from discussing the matter with counsel without Plaintiff's written consent.  *Id*., Ex. D.

About one month later, the Plaintiff filed this Chapter 13 case.  *See* Case # 08-14444.  Her Chapter 13 plan deals with the Countrywide loan.  *See* Defendant's Response to Motion for Leave to Amend, Ex. H.  It explains that she has rescinded the

---

[2]Truth in Lending Act, 15 U.S.C. § 1601 et seq.

[3]Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.

[4]This letter references two telephone conversations between Debtor's counsel and Countrywide but what was discussed at those times is not indicated.

loan and proposes that she will file a complaint to enforce rescission. *Id*. On July 21, the Debtor filed this adversary proceeding against Countrywide *Home Loans, Inc.* as the lender and Cross Country Funding LLC as the loan broker; the Bank was not named. *See* Case # 08-170, Defendant's Motion, Ex. I (emphasis added). The Complaint pleads four counts: Count I alleges that Countrywide violated TILA; Counts II and III allege that Cross Country violated the Pennsylvania Credit Services Act,[5] the Loan Brokers Trade Practices Regulations,[6] and the Unfair Trade Practices and Consumer Protection Law[7]; and Count IV alleges that Countrywide violated RESPA. Based on those violations, the Plaintiff seeks to rescind the loan and to collect damages. *See* Complaint.

On August 21, Countrywide filed its answer, affirmative defenses and cross claim to the complaint. *Id*., Ex. J. The answer identified Wells Fargo (SAMI II 2006-AR 7) as the owner of Plaintiff's loan. *Id*., ¶ 1. For its part, Cross Country did not respond and a default judgment would be entered against it on October 2. *See* Case # 08-170, docket # 17. That closed the pleadings and the Court issued a scheduling order on November 13. That order set a deadline for discovery of January 9, 2009. Summary judgment motions were due on January 23.

Plaintiff served a request for documents and answers to interrogatories on

---

[5] Credit Services Act, 73 P.S. §2181 et seq

[6] Loan Brokers Trade Practices, 10 Pa.Code §305.1 et seq.

[7] Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq.

December 19, 2008. Countrywide answered that request on January 20. It also undertook its own discovery when it deposed the Plaintiff.[8] Finally, Countrywide filed a motion for summary judgment—presently before the court—on January 23. The Plaintiff filed a response to the summary judgment request and this motion for leave to amend her complaint. Because the summary judgment request may be rendered moot, in part or in whole, by the disposition of the motion to amend, the latter motion will be taken up first.

*Applicable Rules and the Proposed Amendment*

Amendment of pleadings is governed by Fed. R.Bankr.P. 7015, which incorporates Fed.R.Civ.P. 15. The rule provides, in pertinent part:

> (a) **Amendments Before Trial**.
> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent *or the court's leave*. The court *should freely give leave when justice so requires.*

Fed.R.Civ.P. 15(a)(1),(2) (2007) (emphasis added). The Supreme Court has made it clear that the application of this presumption is "a mandate to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). It furthers the

---

[8] The record does not indicate when that took place or whether Countrywide served its own written discovery.

policy of trying cases on their merits. *Id.* It also avoids that possibility of the opposing party suffering prejudice or surprise. 6 Wright & Miller, *Federal Practice and Procedure*, Civil 2d § 1474. The precise delineation of when leave should be granted or denied is impossible; therefore, the determination is left to the sound discretion of the trial judge. *NAACP v. Harrison*, 907 F.2d 1408, 1417 (3d Cir.1990). This requires the Court to consider the positions of *both* parties and the effect that the request will have on them. Wright & Miller, *supra* at § 1487. For that reason, the court may deny a request to amend when the moving party has demonstrated undue delay, bad faith or dilatory motive or where the amendment would prejudice the opposing party. *See Foman, supra, id.*; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002). Equally, an amendment will be denied where it is futile. *Id.*

In this instance it is not the causes of action which the amendment would change, but the parties. Plaintiff proposes to drop Countrywide *Home Loans* from Count I and to add Countrywide *Bank, N.A.* (the Bank) and Wells Fargo (SAMI 2006-AR 7) (Wells) to that same claim and only that one. Rule 21 of the Federal Rules of Civil Procedure[9] provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." F.R.C.P 21. The overview to the rule explains that it gives the court discretion to liberally permit the joinder or deletion of parties. *Id.* It also promotes the policy of efficiency in allowing a court to manage the litigation in the interests of justice. *See Balgowan v. State of New Jersey*, 115 F.3d 214, 217 (3d Cir.

---

[9]Made applicable by B.R. 7021.

1997); *see also* 4 *Moore's Federal Practice*, § 21.02[1].  The rule shares with Rule 15 the same standard for determining whether such relief should be granted: i.e., undue delay, bad faith, dilatory motive, prejudice, and futility.  *Jackson v. Rohm & Haas Co.*, 2006 WL 3761981 *1 (E.D.Pa.2006)

*Why Countrywide Objects*
*to the Amendment*

Countrywide maintains generally that the Plaintiff is guilty of undue delay in requesting to amend when she did.  This, it goes on to explain, would also result in prejudice.  Aside from delay, Countrywide adds, the Debtor's claims as to Wells are futile.  S*ee generally* Countrywide's Brief.

*Delay and Prejudice*

Delay, in and of itself, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue' placing an unwarranted burden on the court and may work prejudice to the adversary.  *See Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir.2001)  The Third Circuit has emphasized that prejudice to the non-moving party is the touchstone for the denial of an amendment.  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir.2006)  That being said, the non-moving party cannot merely claim prejudice, but "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely." *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir.1989) (citations omitted).  In other words, the defendants bears the burden of proof as to prejudice*. See AMS Construction Co. v. Reliance*

*Insurance Co.*, 2006 WL 1967336 *3 (E.D.Pa.)

Countrywide maintains that the request to amend comes more than six months after suit was filed and one month after the close of discovery. *See* Countrywide's Brief, 2. In her motion for leave to amend, Plaintiff explained that Countrywide's summary judgment request "clarified" who originally made the loan and who presently holds it. That, Countrywide responds, is belied by the record. In the case of the originator, such information, it says, was known to Plaintiff in 2006 when the loan was made. The loan documents identify Countrywide Bank, N.A. as the lender. Countrywide's Brief, 5. The identity of the holder, it continues, was disclosed in Countrywide's Answer filed on August 21, 2008. *Id.* The Court finds Countrywide to be correct in these regards and, indeed, Plaintiff's counsel would candidly admit at the hearing that he was guilty of an oversight on his part. *See* Transcript of March 5, 2009 Hearing (T-), 15. Plaintiff maintains, however, that any delay was not undue.

In reviewing the record, the Court finds both parties to be guilty of some delay here. The first instance of delay may be attributed to Countrywide. The Court observes that Plaintiff's June 2 letter specifically asked both Countrywide and the Bank to identify the holder of the loan. Again, at the time Plaintiff was apparently unclear as to with whom she was in privity. And Plaintiff was entitled to an answer to this question: TILA provides that "[u]pon written request by the obligor, *the servicer shall provide* the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2) (emphasis added) The servicer of this loan is

7

Countrywide. *See* Answer, ¶1. Thus, Countrywide was required to disclose Wells as the holder of Plaintiff's loan *upon receipt of the June 2 letter* making that request *and not after it was sued*.[10] Instead, it refused to answer claiming privacy concerns. That left Plaintiff in the dark on the holder issue. All the information which Plaintiff received from Countrywide on that question was correspondence bearing the letterhead "Countrywide Home Loans." It was not unreasonable, then, for Plaintiff to think that she was in privity with Countrywide. At that point in the case, the delay lies at the feet of Countrywide.

Until, that is, when Countrywide identified Wells as the holder of Plaintiff's loan in its Answer. That response was filed on August 21. Yet, it would be another five months before Plaintiff sought leave to add Wells as a defendant (February 2). Countrywide considers this delay to be inexcusable. It contends that Plaintiff should have sought leave to amend the moment Wells was named in Countrywide's Answer. To be sure, there is some appeal to that argument. That would have avoided the possibility of duplicative discovery. Yet, even assuming that Plaintiff's inaction is unjustified, that still leaves the question of whether allowing the amendment somehow prejudices Countrywide.

Countrywide says it will and for two reasons: it will have to undertake more discovery and the Plaintiff will given an unfair advantage. As to discovery, Countrywide

---

[10]Troubling to the Court here is the fact that this is not the first time which it has found that Countrywide to have engaged in this seemingly deceptive practice of not disclosing the name of the lender when required to do just that. *See Meyer v. Argent Mortgage LLC, et al*, 379 B.R. 529, 551-552 (Bankr.E.D.Pa.2007)

anticipates having again to depose the Plaintiff as well as other individuals and entities not presently parties to the action. Countrywide's Brief, 4. In this district, courts differ as to whether additional discovery made necessary after an amendment constitutes prejudice. *Compare Kuhn v. Phila. Elec.Co.*, 85 F.R.D. 86, 88 (E.D.Pa.1979) (denying leave to amend when discovery had already been completed and amendment would require additional discovery); *Cummings v. City of Philadelphia*, 2004 WL 906259 *4 (E.D.Pa.) (finding "substantial or undue prejudice where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis for the amendment was discovered by the moving party, and where the motion for leave was brought after summary judgment motions were filed") *with Dole v. Arco Chem. Co.,* 921 F.2d 484, 488 (3d Cir. 1990) (holding that the party opposing amendment had not demonstrated sufficient prejudice by pointing to redrafting a motion for summary judgment along with possible need to conduct additional discovery) and *Amquip Corp v. Admiral Ins. Co.*, 231 F.R.D. 197, 200-01 (E.D.Pa.2005) (reasoning that any prejudice would be remedied by allowing additional discovery). However, additional discovery is not in and of itself prejudicial. While at a certain point the prospect of more discovery can weigh sufficiently against leave to amend a complaint, this case has not reached that point. Moreover, unlike the *Meyer* case, cited *supra* n.8, this is not an instance where one or more of the issues have been tried and reduced to judgment. Considering the extent to which the case has progressed, allowing Plaintiff to amend her complaint would not prejudice the Defendant.

Countrywide's second assertion of prejudice is tactical. It sees leave to amend as giving Plaintiff undue leverage. It explains that another motion for summary judgment from their side will have to be filed, and that when that happens Plaintiff will be better prepared to respond knowing the arguments ahead of time. Countrywide's Brief, 4. The Court considers this argument unpersuasive. It speculates that the second summary motion will essentially resemble the first. But even accepting that as a given, the Court dismisses any notion that prejudice flows from the Plaintiff then being "better prepared." Too, it still leaves the question of why any significant additional discovery would be necessary if the amendment is permitted. In sum, the Court finds no demonstrable prejudice to Countrywide in granting Plaintiff leave to amend.

*Futility*

The Court turns next to Countrywide's claim of futility. This argument pertains solely to the inclusion of Wells as a defendant. An amendment is futile if it would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (*citing Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996)). In determining whether the amendment would be futile, the district court applies the same standard of legal sufficiency as under Fed.R.Civ.P. 12(b)(6). *See id.* A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *Maio v. Aetna, Inc.*, 221 F.3d 472, 481 (3rd

10

Cir. 2000). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Countrywide argues that the TILA claim against Wells is futile for two reasons: first, there has been no refusal to rescind on the part of Wells; and second, because Wells took the assignment of the loan in good faith, it is thereby afforded the protections of an innocent purchaser. Countrywide's Brief, 8-9.

*Timing of the
Rescission Claim*

Countrywide's first argument opposing the addition of Wells is procedural. It claims that the record does not indicate that Wells, the present holder, has refused to honor Plaintiff's rescission request. The written rescission request to Wells was dated February 2, 2009, yet the Motion for Leave to Amend the Complaint to sue Wells for failing to honor the rescission was filed the very next day (February 3). Under TILA, a lender has twenty (20) within which to honor a legitimate rescission request. *See* 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(2); *Johnson v. Chase Manhattan Bank, N.A.*, 2007 WL 2033833 *4 (E.D.Pa.) (observing that creditor has twenty days within which to honor valid rescission request)  The Court finds this argument to be overly technical. It is true that, at the time of the filing of Plaintiff's motion for leave to amend, the twenty day (20) rescission period within which the holder must honor rescission had not yet run. But that time had certainly elapsed by the date of the hearing (March 5) and there was no indication from Wells that it would accede to rescission. T-17. So it is only

correct as a technical matter to say that any rescission claim was not ripe when the Plaintiff filed this motion. By now, the very real (and perhaps likely) possibility exists that the rescission request will not be honored and that litigation will be necessary. The timing (however, premature) of Plaintiff's request for leave to amend, then, should not preclude it from relief.

*Damages Versus Rescission;*
*The Assignee's State of Mind*

The second objection to adding Wells goes more to the substance of the claim. Countrywide argues that the amendment fails to allege what is required to establish assignee liability under TILA: that the violation was "apparent on the face of the disclosure statement provided in connection" with the transaction. Countrywide's Brief, 9 *quoting* 15 U.S.C. § 1641(e)(1)(A). The Court finds this argument to be well made, but *only as to the TILA damage* claim. TILA imposes assignee liability in consumer credit transactions secured by real property only if the violation is "apparent on the face of the disclosure statement." 15 U.S.C. § 1641(e)(1)(A) (2003). Section 1641(e) further explains that a violation is apparent on the face of the disclosure statement if:

> (A) the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the amount financed, the note, or any other disclosure of disbursement; or
>
> (B) the disclosure statement does not use the terms or format required to be used by this subchapter.

15 U.S.C. § 1641(e)(2)(A), (B) (2003). This means that it is to the disclosure statement and other assigned document that the assignee must look if it is to later claim that it

took the loan in good faith. *See Ramadan v. Chase Manhattan Corp*, 229 F.3d 194, 198 (3d Cir. 2000) (noting that the TILA assignee liability provisions do not impose any duty of additional inquiry on assignees) The proposed amended pleading alleges only what the lender allegedly failed to do in the way of disclosure. There is no differentiation alleged as to what the Bank *qua* lender did versus what Wells *qua* assignee did. From all appearances, the two entities are interchangeable. In other words, the amendment fails to allege that Wells took the loan notwithstanding patent TILA violations. *See Kane v. Equity One, Inc.*, 2003 WL 22939377 *4 (E.D.Pa.) (dismissing TILA complaint against assignee of lender for failure to plead any violations apparent on the face of the assigned loan documents); *Reagoso v. MERS, et al,* 2007 WL 1655376 *5 (Bankr.E.D.Pa.) As a result, this Court finds that the proposed amendment to recover *damages* from Wells would be futile.

  The same, however, would not be the outcome with regard to the Plaintiff's proposed rescission claim. TILA provides that "[a]ny consumer that has the right to rescind a transaction under section 1635 of this title may rescind the transaction *as against any assignee* of the obligor." 15 U.S.C. § 1641(c)(emphasis added); *see Kane, supra*, **4-6; *see also In re Armstrong*, 288 B.R. 404, 417 (Bankr.E.D.Pa.2003) (recognizing rescission right as against assignee who took loan in good faith) Plaintiff is correct, then, in stating that the failure to plead the assignee's knowledge of the TILA violation is irrelevant to the question of whether the amendment sufficiently pleads a *rescission* claim. T-25. As a consequence, the Court finds that the allegations of a TILA violation on the *lender's part* are sufficient for purposes of maintaining a rescission

claim as to its assignee. So leave will be granted to the Plaintiff to add Wells as a defendant to Count I but only to that extent.

*Summary*

The Court will grant Plaintiff's Motion for Permission to Amend Complaint in part and will deny it in part. Plaintiffs' request to add defendant Wells Fargo (SAMI II 2006-AR 7) as a Defendant to Count I will be allowed, but only for purposes of rescission and not damages. Plaintiff's request to add Countrywide Bank, N.A. as a defendant as to Count I will be granted as proposed. Plaintiff shall have ten (10) days from the date of entry of this Opinion to file an amended complaint consistent with this ruling and to proceed in accordance with B.R. 7004. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465-466, 120 S.Ct. 1579, 1584 (2000) (explaining that rule allowing amendment of pleadings must comport with due process of law that Constitution guarantees); *see also Hershey Foods Corp. v. Padilla*, 168 F.R.D. 7, 10 (D.P.R. 1996) (stating that Plaintiff who was allowed to join defendant pursuant to Rule 21 must then comply with Rules 3 and 4 of the Federal Rules of Civil Procedure relating to the issuance of a summons and service on the added party)

The effect of granting leave to amend the complaint as proposed necessarily moots the request for summary judgment. *See Boarhead Farm Agreement v. Advanced Environmental Technology Corp.*, 381 F.Supp.2d 427, 437 (E.D.Pa.2005) (concluding that granting leave to amend complaint mooted pending summary judgment motion)

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated:   April 2, 2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| MAUREEN GISONDI | : |
| DEBTOR(S) | : BANKRUPTCY NO. 08-1444  SR |
| MAUREEN GISONDI PLAINTIFF | : |
| v. COUNTRYWIDE HOME LOANS, INC., CROSS COUNTRY FUNDING, LLC DEFENDANTS | : |
| | : ADV. NO. 08-170 |

## ORDER

**AND NOW**, upon consideration of the Plaintiff's Motion for Permission to Amend Complaint and Defendant Countrywide Home Loans, Inc.'s Motion for Summary Judgment, after a hearing held on March 5, 2009, and for the reasons set forth in the foregoing Opinion, it is hereby:

**Ordered,** that the Plaintiff's Motion is granted as follows: Count I may be amended to drop Countrywide Home Loans, Inc. and to add Wells Fargo (SAMI II 2006-AR 7) and Countrywide Bank, N.A.; and it is

**Further Ordered**, that as to Wells Fargo (SAMI II 2006-AR 7), Count I may be amended to plead a claim for rescission only; and it is

**Further Ordered**, that Plaintiff shall have ten (10) days from the date of the entry of this order to file an amended complaint consistent with the foregoing Opinion

and proceed in accordance with the applicable rules of civil procedure with regard to obtaining a summons for and effecting service of process upon an added party; and it is **Further Ordered**, that as a result of the disposition of the Plaintiff's Motion, Defendant's Motion for Summary Judgment is denied as moot.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>April 2, 2009</u>

Interested Parties:

George Conway, Esquire
Office Of The U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia PA  19106

Counsel for Plaintiff

David A. Scholl, Esquire
6 St. Albans Avenue
Newtown Square, PA 19073

Counsel for Defendant
Countrywide Home Loans, Inc.

Daniel J.T. McKenna, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Fl
Philadelphia, PA 19103

Cross Country Funding LLC
701 Spring Mill Avenue
Conshohocken, PA 19428

Wells Fargo (SAMI II 2006 AR 7)
Wells Fargo Home Mortgage, Inc.
Corporation Services Co.
2704 Commerce Drive
Harrisburg, PA 17110